1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTIAN M.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C18-5919 RSM-BAT

**REPORT AND RECOMMENDATION**

Plaintiff appeals the ALJ's 2017 decision finding him not disabled. In this decision, the ALJ found lumbago, cervicaligia, and left hand contractures of the third and fifth digits are severe impairments; plaintiff has the residual functional capacity (RFC) to perform less than medium work and can frequently handle and finger with the left non-dominant hand; and plaintiff is not disabled because he can perform past relevant work as a machinist and CNC machinist and alternatively other jobs in the national economy. Tr. 17-26.

Plaintiff contends the ALJ harmfully misevaluated the opinions of examining doctor Derek Leinenbach, M.D. and reviewing agency doctor Wayne Hurley, D.O. Dkt. 10 at 1. The Court agrees the ALJ harmfully erred in assessing Dr. Leinenbach's opinion and accordingly recommends the Commissioner's final decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

1

**DISCUSSION**

2

**A.    Evaluation of the Opinions of Drs. Leinenbach and Hurley**

3        The ALJ is responsible for assessing the medical evidence. *Treichler v. Colvin*, 775 F.3d

4    1090, 1098 (9th Cir. 2014). The Court must consider the administrative record as a whole.

5    *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the

6    evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.*

7    When the evidence is susceptible to more than one rational interpretation it is the ALJ's findings

8    the Court must uphold. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). However, the

9    Court "reviews only the reasons provided by the ALJ in the disability decision and may not

10   affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th

11   Cir. 2007).

12       The ALJ may reject medical opinions. But to do so, the ALJ must do more than offer his

13   or her conclusions; the ALJ must also explain why his or her interpretation, rather than the

14   doctor's interpretation, is correct.  *Id.*  To reject the uncontradicted opinion of an examining

15   physician the ALJ must provide clear and convincing reasons; when contradicted the ALJ must

16   provide specific and legitimate reasons. *Id.* The ALJ can meet this burden by setting out a

17   detailed and thorough summary of the facts and conflicting clinical evidence, stating his

18   interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.

19   1989)). The opinion of a non-examining physician is not alone substantial evidence that justifies

20   the rejection of the opinion of an examining physician. *Gallant v. Heckler*, 753 F.2d 1450, 1456

21   (9th Cir. 1984).

22

23

1

2          **1.    *Dr. Leinenbach***

3                In November 2014, Dr. Leinenbach performed an independent medical examination on

4    plaintiff. Tr. 340. The ALJ gave great weight to the doctor's opinions that plaintiff could stand

5    and walk without interruption for four hours and for a total of six hours a day, does not need an

6    assistive device, can lift 50 pounds occasionally and 25 pounds weekly and has no postural

7    limitations. Tr. 23.

8                Plaintiff contends the ALJ erred in discounting Dr. Leinenbach's opinion that plaintiff's

9    "ability to handle and finger with the left hand is partially limited (to an occasional basis) due to

10   3rd and 5th digit contractures. Tr. 23 (referring to Tr. 344). The ALJ found plaintiff's "left hand

11   condition is not severe enough for the occasional limit." *Id.* In support of this finding, the ALJ

12   indicated Dr. Leinenbach determined "the claimant could reach for object with the upper left

13   extremity." *Id.* The fact plaintiff can move or reach with his upper left extremity—his arm—is

14   not probative of his fingering and grasping ability. Indeed one could reach for an object whether

15   one had a hand or not to handle or finger the object. Accordingly, the Court finds that substantial

16   evidence does not support the ALJ's rationale and the ALJ according erred.

17                The ALJ's error is also highlighted by the ALJ's acknowledgement that Dr. Leinenbach

18   found plaintiff could grasp large objects but has moderate difficulty gripping and holding small

19   objects with the last three digits of the left hand, secondary to contracture deformities of the third

20   and fifth digits of the left hand. *Id.* These findings, which the ALJ did not find erroneous, thus

21   support Dr. Leinenbach's opinion that plaintiff is occasionally limited in his ability to handle and

22   finger with his left hand due to digit contractures. The ALJ provides no rational explanation

23   supported by substantial evidence that would justify rejection of the doctor's findings and

     opinion and thus erred in discounting the fingering limitation.

The Court thus rejects the Commissioner's argument that Dr. Leninenbach's opinion about the occasional limit is inconsistent with his findings. The Court also rejects the Commissioner's argument that the ALJ properly rejected the limitation because in reviewing the doctor's "records" the ÁLJ noted he found Plaintiff was performing activities of daily living independently, was the caregiver for his 89 year old mother and could perform household chores. Dkt. 11 at 5. The ALJ did not state he was rejecting Dr. Leinenbach's opinion based on these grounds. They are thus impermissible post-hoc arguments which the Court cannot rely upon the affirm the ALJ's determination. *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 1995) (The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").  Moreover, one cannot indubitably say that doing a chore, or caring for one's mother is inconsistent with Dr. Leinenbach's opinion. The doctor did not opine plaintiff could not use his left hand and could not grab or hold items in that hand at all. Rather the doctor opined plaintiff could use his left hand and that the sole limitation of that use was he was limited to occasional handling and fingering. Hence, the activities upon which the Commissioner relies do not on plainly contradict Dr. Leinenbach's opinion.

The ALJ also rejected Dr. Leinenbach's opinion as inconsistent with the opinion of non-examining doctor, Wayne Hurley, D.O. who determined plaintiff can frequently handle and finger with the left hand. Tr. 23. The is not a valid basis to reject Dr. Leininger's opinion because as noted above, a non-examining doctor's opinion cannot alone be a basis to rejectthe opinion of an examining physician.

In sum, the ALJ erred in rejecting Dr. Leinenbach's opinion. The error was harmful because the ALJ did not account for the limitation in assessing plaintiff's RFC and in fact

REPORT AND RECOMMENDATION - 4

1    determined plaintiff could "frequently handle and finger with the left, non-dominant hand." Tr.

2    18. *See* SSR 96-8p (In assessing a claimant's residual functional capacity, the ALJ must consider

3    the limitations and restrictions caused by the claimant's medically determinable impairments,

4    including any related symptoms.).

5        **2.    *Dr. Hurley***

6        Plaintiff contends the ALJ misevaluated Dr. Hurley's opinion. Dkt. 10 at 5. In a nutshell,

7    plaintiff argues the ALJ impermissibly accepted Dr. Hurley's opinion plaintiff had no fingering

8    and handling limitations and impermissibly discounted the doctor's opinion that plaintiff was

9    limited to light work. The Court rejects the argument. Plaintiff is also picking and choosing the

10   portions of the opinion he favors and disfavors. The ALJ is entitled to weigh the evidence and

11   plaintiff has not shown how or why the ALJ erred in giving greater weight to the opinion of Dr.

12   Leinenbach, an examining doctor who found plaintiff could do more than light work, than to the

13   opinion of Dr. Hurley, a reviewing doctor who found plaintiff was limited to light work. The

14   ALJ may validly reject the opinion of a reviewing doctor when contradicted by the opinion of a

15   reviewing doctor. *Cf. Thomas v.* Barnhardt, 278 F.3d 947, 956 (the Cir. 2002) (ALJ may reject

16   treating doctor's opinion in favor of conflict examining doctor's opinion). This is what the ALJ

17   did in finding Dr. Leinenbach's opinion is "more persuasive" than Dr. Hurley's opinion because

18   "Dr. Leinenbach examined the claimant in person." Tr. 23. The Court accordingly recommends

19   affirming the ALJ's determination to discount Dr. Hurley's opinion that plaintiff is limited to

20   light work.

21                                    **CONCLUSION**

22       As discussed above the ALJ harmfully erred in discounting Dr. Leinenbach's opinion that

23   plaintiff is occasionally limited in the use of his left hand. When the ALJ harmfully errs the

REPORT AND RECOMMENDATION - 5

Court may remand the case for an award of benefits or further proceedings. The Court should rarely remand for benefits, *Treichler, supra,* and only where the record is fully developed and additional proceedings would serve no useful purpose. *See Garrison v. Colvin, supra*. Here the record is incomplete. It is yet to be determined whether plaintiff can or cannot perform gainful work activity with the limitations set forth by Dr. Leinenbach, and the Court should decline to make that determination in the first instance.

The Court therefore recommends the Commissioner's final decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate Dr. Leinenbach's opinion about plaintiff's fingering and handling limits, develop the record and reassess plaintiff's RFC as necessary and proceed to steps four and five as appropriate.

A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed and served no later than **June 6, 2019.** If no objections are filed, the Clerk shall note the matter for **June 7, 2019** as ready for the Court's consideration. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 23rd day of May, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 6